**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                         Criminal No. 10-cr-134-01-JL

Geraldine Brown

**ORDER OF DETENTION PENDING TRIAL**

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on September 29, 2010, for the purpose of determining whether to detain defendant, Geraldine Brown, who has been indicted on charges of aiding and abetting the distribution of Oxycodone in violation of 18 U.S.C. § 2; distribution of Hydrocodone and Diazepam in violation of 21 U.S.C. § 841(a)(1); and aiding and abetting the distribution of crack cocaine in violation of 18 U.S.C. § 2.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

1

Pursuant to the provisions of 18 U.S.C. § 3142(g), a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.  Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, the offenses charged against defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion. Id. at 380-81.

Here, the government and the defendant agreed to conduct the hearing by offers of proof. The government did not argue that defendant was a flight risk. Rather, the government argued that defendant's release would pose a danger to the community. For the reasons stated more fully on the record, I find that the defendant failed to rebut the presumption with regard to dangerousness.

In finding that there are no conditions or combination of conditions that will reasonably assure the safety of the community, I rely on the following:

- The nature of the offense is serious and involves multiple incidents of drug distribution.
- The weight of the evidence is strong and indicates that defendant utilized her children in her alleged drug dealing.
- The alleged offenses were committed while defendant was on supervised release for a federal drug conviction.

4

- Defendant's criminal record is extensive.  There was no dispute that, if convicted of the instant charges, defendant would be deemed a "career offender" for purposes of sentencing.

- Defendant's criminal record includes violations of probation.  One of defendant's state drug-related convictions involved defendant's acceptance into Academy program, which is a probationary program for drug offenders.  Defendant violated her probation while in the Academy such that her probation was revoked.

- Defendant is currently unemployed and her sole source of income is derived from her alleged involvement in illegal drug distribution.

- Defendant has a substance abuse problem.  She admitted to using illegal drugs as recently as the night before this detention hearing.

Upon full consideration of the arguments offered by the government and defense, and I am satisfied that the defendant has not rebutted the presumption that her release, even on strict conditions, would pose a serious danger to the community.  For the reasons listed <u>supra</u> and stated on the record, I find that there are no conditions or combination of conditions that will assure the safety of

the community.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: September 30, 2010
cc:  Bjorn Lange, Esq.
     U.S. Attorney
     U.S. Probation
     U.S. Marshal